IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| Christopher Stephen Roys | § | CASE NO. 12-32249-H3-13 |
| Sharon Lee Roys | § | |
| Debtor(s) | § | CHAPTER 13 |

### DEBTOR(S)' MOTION TO MODIFY CONFIRMED PLAN

This motion seeks an order that may adversely affect you.  If you oppose the motion, you should immediately contact the moving party to resolve the dispute.  If you and the moving party cannot agree, you must file a response and send a copy to the moving party.  You must file and serve your response by within 21 days.  Your response must state why the motion should not be granted.  If you do not file a timely response, the relief may be granted without further notice to you.  If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.  Represented parties should act through their attorney.

If a party requests emergency consideration, the court may act expeditiously on the matter.  If the court allows a shorter response time than twenty one (21) days, you must respond within that time.  If the court sets an emergency hearing before the response time will expire, only attendance at the hearing is necessary to preserve your rights.  If an emergency hearing is not set, you must respond before the response time expires.

A Hearing on this proposed modification is set for _____ at _____ Courtroom ___, on the ____ Floor, 515 Rusk Ave, Houston, Texas  77002.

    The Debtor(s) file this Motion to Modify their confirmed plan.

1. **HISTORY OF CASE** This case was filed on 3/28/2012. The plan was confirmed on 7/19/2012. The plan has previously been modified by order(s) entered on the following dates: None .

2. **REASON FOR MODIFICATION** Debtor missed payments in the years 2014 which created a deficiency in the payment history. This deficiency will be cured by this modification.

3. **PLAN PAYMENTS UNDER CONFIRMED PLAN**  The current plan (as modified through this date) requires payments as follows:

   A.      Months:  1-26          Payment: $ 1007.00
   B.      Months:  27-60         Payment: $ 1025.00
   C.      Months:                  Payment: $

4. **PAYMENTS PREVIOUSLY MADE** As of the date this motion was filed, the Debtor(s) have made payments to the chapter 13  trustee totaling $30,210.05.  Attached as Exhibit "A" is a schedule of all amounts received by the chapter 13 trustee.

5. **FUTURE PROPOSED PLAN PAYMENTS (AS MODIFIED)**  The proposed modified plan requires future payments as follows:

   A.      Months:  33-60         Payment: $ 575.00

      B.      Months:      Payment: $

      C.      Months:      Payment: $

6. **CURRENT DEFAULTS** The Debtor(s) are currently in default on payments to the chapter 13 trustee as follows:

Dollar amount in default:    $2121.50
Number of months in default:    2 +
Last payment made:    11/2014
Amount of last payment:    $1007.00

7. **PROPOSED PLAN MODIFICATIONS**

   A. All payment defaults set forth in paragraph 6 are cured by this modification.
   B. Chapter 13 payment will change to $575.00 commencing 12/2014 until the 60th payment.
   C. Attorney fees for this modification and the response to Trustees motion to dismiss totally $725.00 are included in the modified plan.

8. **INTERIM PAYMENTS** Payments due under this modification will commence on the first due date after this modification is filed, whether or not the modification has yet been approved by the Court.

9. **BUDGET.** The Debtor's schedules "I" and "J" that the Debtor(s) request to be considered with this modification are attached as exhibit "B".

10. **ATTORNEYS' FEES** (Check One)

    XX____Debtor(s) counsel shall be paid $450.00 as a fixed fee or this modification. This box may not be checked if the modification was proposed within 120 days of the date on which the plan was confirmed.

    _____If Debtor(s) counsel seek compensation, a separate application will be filed. If no application is filed, no compensation will be paid.

**WHEREFORE, PREMISES CONSIDERED**, Debtor prays that this modification be approved in reference to the Plan dated December 12, 2014, (Plan attached as Exhibit "C").

Respectfully Submitted on December 18, 2014.

                                                **LAW OFFICE OF WILLIAM W. BIVIN**

                                                /s/ William W. Bivin
                                                William W. Bivin – Attorney for Debtors
                                                TBN #02364500
                                                1422 A  Stonehollow Drive
                                                Kingwood, TX  77339-2495
                                                Office: 281-358-2223/Fax: 281-358-1077

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
|    Roys, Christopher Stephen | § | CASE NO. 12-32249-H3-13 |
|    Roys, Sharon Lee | § | |
|    Debtor(s) | § | CHAPTER 13 |

## CERTIFICATE OF SERVICE

    This is to certify that a true and accurate copy of this Motion for Modification of Plan After Confirmation has been sent either by electronic means or mailed to the Debtor(s), Christopher Stephen Roys and Sharon Lee Roys, Chapter 13 Trustee, William E. Heitkamp, U. S. Trustee, and all creditors as listed in the matrix on file with the Court, this December 18, 2014.

/s/ William W. Bivin
_____
William W. Bivin

| Date | Reference | Description | Amount |
|---|---|---|---|
| 11/19/2014 | 53470/Century Foundry Inc | DEBTOR PAYMENTS REMITTED BY EMPLOYER DEDUCTION | $1,007.00 |
| 10/29/2014 | 53285/Century Foundry Inc | DEBTOR PAYMENTS REMITTED BY EMPLOYER DEDUCTION | $1,007.00 |
| 10/7/2014 | 053081/CENTURY FOUNDRY | DEBTOR PAYMENTS REMITTED BY EMPLOYER DEDUCTION | $1,007.00 |
| 9/8/2014 | 52842/Century Foundry | DEBTOR PAYMENTS REMITTED BY EMPLOYER DEDUCTION | $1,007.00 |
| 7/30/2014 | 52536/Century Foundry | DEBTOR PAYMENTS REMITTED BY EMPLOYER DEDUCTION | $1,007.00 |
| 7/7/2014 | 052309/CENTURY FOUNDRY | DEBTOR PAYMENTS REMITTED BY EMPLOYER DEDUCTION | $1,007.00 |
| 6/4/2014 | 052093/CENTURY FOUNDRY | DEBTOR PAYMENTS REMITTED BY EMPLOYER DEDUCTION | $1,007.00 |
| 5/1/2014 | 51797/Century Foundry | DEBTOR PAYMENTS REMITTED BY EMPLOYER DEDUCTION | $1,007.00 |
| 4/9/2014 | 051557/CENTURY FOUNDRY | DEBTOR PAYMENTS REMITTED BY EMPLOYER DEDUCTION | $503.50 |
| 1/10/2014 | 07578167/INSPERITY | DEBTOR PAYMENTS REMITTED BY EMPLOYER DEDUCTION | $503.50 |
| 1/3/2014 | 75557620/Insperity | DEBTOR PAYMENTS REMITTED BY EMPLOYER DEDUCTION | $503.50 |
| 12/12/2013 | 7540025/Insperity | DEBTOR PAYMENTS REMITTED BY EMPLOYER DEDUCTION | $503.50 |
| 11/26/2013 | 07525238/INSPERITY | DEBTOR PAYMENTS REMITTED BY EMPLOYER DEDUCTION | $503.50 |
| 11/13/2013 | 7511360/Insperity | DEBTOR PAYMENTS REMITTED BY EMPLOYER DEDUCTION | $503.50 |
| 10/28/2013 | 7496834/INSPERITY | DEBTOR PAYMENTS REMITTED BY EMPLOYER DEDUCTION | $503.50 |
| 10/15/2013 | 7480967/INSPERITY | DEBTOR PAYMENTS REMITTED BY EMPLOYER DEDUCTION | $503.50 |
| 10/1/2013 | 7465325/INSPERITY | DEBTOR PAYMENTS REMITTED BY EMPLOYER DEDUCTION | $503.50 |
| 9/10/2013 | 7451556/Insperity | DEBTOR PAYMENTS REMITTED BY EMPLOYER DEDUCTION | $503.50 |
| 8/27/2013 | 7436747/Insperity | DEBTOR PAYMENTS REMITTED BY EMPLOYER DEDUCTION | $503.50 |
| 8/9/2013 | 07422496 Insperity | DEBTOR PAYMENTS REMITTED BY EMPLOYER DEDUCTION | $503.50 |
| 7/29/2013 | 7406264/INSPERITY | DEBTOR PAYMENTS REMITTED BY EMPLOYER DEDUCTION | $503.50 |
| 7/12/2013 | 07392530 Insperity | DEBTOR PAYMENTS REMITTED BY EMPLOYER DEDUCTION | $503.50 |
| 6/26/2013 | 7375970/Insperity | DEBTOR PAYMENTS REMITTED BY EMPLOYER DEDUCTION | $503.50 |
| 6/11/2013 | 7362175/Insperity | DEBTOR PAYMENTS REMITTED BY EMPLOYER DEDUCTION | $503.50 |
| 5/29/2013 | 7348867/Insperity | DEBTOR PAYMENTS REMITTED BY EMPLOYER DEDUCTION | $503.50 |
| 5/14/2013 | 7333138/Insperity | DEBTOR PAYMENTS REMITTED BY EMPLOYER DEDUCTION | $503.50 |
| 4/29/2013 | 7321695/INSPERITY | DEBTOR PAYMENTS REMITTED BY EMPLOYER DEDUCTION | $503.50 |
| 4/15/2013 | 7308391/Insperity | DEBTOR PAYMENTS REMITTED BY EMPLOYER DEDUCTION | $503.50 |
| 3/26/2013 | 7292877/Insperity | DEBTOR PAYMENTS REMITTED BY EMPLOYER DEDUCTION | $503.50 |
| 3/13/2013 | 7279826/Insperity | DEBTOR PAYMENTS REMITTED BY EMPLOYER DEDUCTION | $503.50 |
| 2/27/2013 | 07266532/INSPERITY | DEBTOR PAYMENTS REMITTED BY EMPLOYER DEDUCTION | $503.50 |
| 2/12/2013 | 7232681/Insperity | DEBTOR PAYMENTS REMITTED BY EMPLOYER DEDUCTION | $503.50 |

EXHIBIT A

| Date | Reference | Description | Amount |
|---|---|---|---|
| 1/29/2013 | 7238072/Insperity | DEBTOR PAYMENTS REMITTED BY EMPLOYER DEDUCTION | $503.50 |
| 1/14/2013 | 7223423/Insperity | DEBTOR PAYMENTS REMITTED BY EMPLOYER DEDUCTION | $503.50 |
| 12/27/2012 | 7201722/Insperity | DEBTOR PAYMENTS REMITTED BY EMPLOYER DEDUCTION | $503.50 |
| 12/12/2012 | 7179868/Insperity | DEBTOR PAYMENTS REMITTED BY EMPLOYER DEDUCTION | $503.50 |
| 11/28/2012 | 7164425/Insperity | DEBTOR PAYMENTS REMITTED BY EMPLOYER DEDUCTION | $503.50 |
| 11/14/2012 | 07145020/INSPERITY | DEBTOR PAYMENTS REMITTED BY EMPLOYER DEDUCTION | $503.50 |
| 10/29/2012 | 7129352/Insperity | DEBTOR PAYMENTS REMITTED BY EMPLOYER DEDUCTION | $503.50 |
| 10/16/2012 | 07114311/INSPERITY | DEBTOR PAYMENTS REMITTED BY EMPLOYER DEDUCTION | $503.50 |
| 9/26/2012 | 7098410/Insperity | DEBTOR PAYMENTS REMITTED BY EMPLOYER DEDUCTION | $503.50 |
| 9/12/2012 | 07080246 Insperity | DEBTOR PAYMENTS REMITTED BY EMPLOYER DEDUCTION | $503.50 |
| 8/28/2012 | 7065484/Insperity | DEBTOR PAYMENTS REMITTED BY EMPLOYER DEDUCTION | $503.50 |
| 8/14/2012 | 7047838/Administaff | DEBTOR PAYMENTS REMITTED BY EMPLOYER DEDUCTION | $503.50 |
| 7/30/2012 | 7030446/Administaff | DEBTOR PAYMENTS REMITTED BY EMPLOYER DEDUCTION | $503.50 |
| 7/11/2012 | 07013992 Administaff | DEBTOR PAYMENTS REMITTED BY EMPLOYER DEDUCTION | $503.50 |
| 6/27/2012 | 06997057/ADMINISTAFF | DEBTOR PAYMENTS REMITTED BY EMPLOYER DEDUCTION | $503.50 |
| 6/12/2012 | 6980946/Administaff | DEBTOR PAYMENTS REMITTED BY EMPLOYER DEDUCTION | $503.50 |
| 5/29/2012 | 6963669/Administaff | DEBTOR PAYMENTS REMITTED BY EMPLOYER DEDUCTION | $503.50 |
| 5/15/2012 | 6948718/Administaff | DEBTOR PAYMENTS REMITTED BY EMPLOYER DEDUCTION | $503.50 |
| 5/1/2012 | 6934735/Administaff | DEBTOR PAYMENTS REMITTED BY EMPLOYER DEDUCTION | $503.50 |
| 4/24/2012 | 341631 | MONEY ORDER/PAYMENT TO DEBTOR ACCT | $504.00 |
| | | Totals: | $30,210.50 |

B6I (Official Form 6I) (12/07)

In re **Christopher Stephen Roys**  
**Sharon Lee Roys**

Case No. __12-32249-H3-13__  
(if known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | Dependents of Debtor and Spouse | | | |
|---|---|---|---|---|
| **Married** | Relationship(s): Child<br>Child | Age(s): 2005<br>1996 | Relationship(s): | Age(s): |

| Employment: | Debtor | Spouse |
|---|---|---|
| Occupation<br>Name of Employer<br>How Long Employed<br>Address of Employer | Century Foundry, Inc.<br><br>339 W. Hovey Ave.<br>PO Box 4438<br>Muskegon Hiehgts MI 49444 | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | **DEBTOR** | **SPOUSE** |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $7,150.00 | $1,180.75 |
| 2. Estimate monthly overtime | $0.00 | $0.00 |
| 3. SUBTOTAL | $7,150.00 | $1,180.75 |
| 4. LESS PAYROLL DEDUCTIONS | | |
|    a. Payroll taxes (includes social security tax if b. is zero) | $828.45 | $52.00 |
|    b. Social Security Tax | $417.34 | $73.19 |
|    c. Medicare | $97.59 | $17.12 |
|    d. Insurance | $418.77 | $0.00 |
|    e. Union dues | $0.00 | $0.00 |
|    f. Retirement | $0.00 | $0.00 |
|    g. Other (Specify) MI / MI | $271.92 | $50.18 |
|    h. Other (Specify) loan | $216.67 | $0.00 |
|    i. Other (Specify) support | $700.79 | $0.00 |
|    j. Other (Specify) MH Non | $33.41 | $0.00 |
|    k. Other (Specify) | $0.00 | $0.00 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $2,984.94 | $192.49 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $4,165.06 | $988.26 |
| 7. Regular income from operation of business or profession or farm (Attach detailed stmt) | $0.00 | $0.00 |
| 8. Income from real property | $0.00 | $0.00 |
| 9. Interest and dividends | $0.00 | $0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $0.00 | $700.00 |
| 11. Social security or government assistance (Specify): | $0.00 | $0.00 |
| 12. Pension or retirement income | $0.00 | $0.00 |
| 13. Other monthly income (Specify): | | |
|    a. | $0.00 | $0.00 |
|    b. | $0.00 | $0.00 |
|    c. | $0.00 | $0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $0.00 | $700.00 |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $4,165.06 | $1,688.26 |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $5,853.32 | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
**None.**

EXHIBIT B

B6J (Official Form 6J) (12/07)

IN RE: **Christopher Stephen Roys**    Case No. __12-32249-H3-13__
**Sharon Lee Roys**                                 (if known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☑ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $200.00 |
|    a. Are real estate taxes included?  ☐ Yes  ☑ No | |
|    b. Is property insurance included?  ☐ Yes  ☑ No | |
| 2. Utilities:  a. Electricity and heating fuel | |
|          b. Water and sewer | |
|          c. Telephone | $43.00 |
|          d. Other: | |
| 3. Home maintenance (repairs and upkeep) | |
| 4. Food | $350.00 |
| 5. Clothing | $100.00 |
| 6. Laundry and dry cleaning | $60.00 |
| 7. Medical and dental expenses | $166.00 |
| 8. Transportation (not including car payments) | $300.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $75.00 |
| 10. Charitable contributions | |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | |
|       a. Homeowner's or renter's | |
|       b. Life | |
|       c. Health | |
|       d. Auto | |
|       e. Other: | |
| 12. Taxes (not deducted from wages or included in home mortgage payments) Specify: | |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | |
|       a. Auto:  2007 Jeep Liberty | $293.88 |
|       b. Other: | |
|       c. Other: | |
|       d. Other: | |
| 14. Alimony, maintenance, and support paid to others: | |
| 15. Payments for support of add'l dependents not living at your home: | |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | |
| 17.a. Other: See attached personal expenses | $385.00 |
| 17.b. Other: | |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $1,972.88 |
| 19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document: **Debtor and co-debtor are separated living apart. Divorce is emanate** | |
| 20. STATEMENT OF MONTHLY NET INCOME | |
| a. Average monthly income from Line 15 of Schedule I | $4,165.06 |
| b. Average monthly expenses from Line 18 above | $1,972.88 |
| c. Monthly net income (a. minus b.) | $2,192.18 |

B6J (Official Form 6J) (12/07)

IN RE:  Christopher Stephen Roys                      Case No. __12-32249-H3-13__
        Sharon Lee Roys                                              (if known)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

### *SEPARATE SPOUSE BUDGET*

| | |
|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home)<br>    a. Are real estate taxes included?  ☐ Yes  ☑ No<br>    b. Is property insurance included?  ☐ Yes  ☑ No | $750.00 |
| 2. Utilities:  a. Electricity and heating fuel<br>            b. Water and sewer<br>            c. Telephone<br>            d. Other:  Phone internet cable | $150.00<br><br>$43.00<br>$160.00 |
| 3. Home maintenance (repairs and upkeep) | $50.00 |
| 4. Food | $600.00 |
| 5. Clothing | $250.00 |
| 6. Laundry and dry cleaning | $60.00 |
| 7. Medical and dental expenses | $166.00 |
| 8. Transportation (not including car payments) | $300.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $75.00 |
| 10. Charitable contributions | |
| 11. Insurance (not deducted from wages or included in home mortgage payments)<br>    a. Homeowner's or renter's<br>    b. Life<br>    c. Health<br>    d. Auto<br>    e. Other: | |
| 12. Taxes (not deducted from wages or included in home mortgage payments)<br>Specify: | |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan)<br>    a. Auto:<br>    b. Other:<br>    c. Other:<br>    d. Other: | |
| 14. Alimony, maintenance, and support paid to others:<br>15. Payments for support of add'l dependents not living at your home:<br>16. Regular expenses from operation of business, profession, or farm (attach detailed statement)<br>17.a. Other: Child's extracurricular Actives<br>17.b. Other: | <br><br><br>$60.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $2,664.00 |
| 19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document: **None**. | |
| 20. STATEMENT OF MONTHLY NET INCOME<br>a. Average monthly income from Line 15 of Schedule I<br>b. Average monthly expenses from Line 18 above<br>c. Monthly net income (a. minus b.) | <br>$1,688.26<br>$2,664.00<br>($975.74) |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE: Christopher Stephen Roys  
Sharon Lee Roys

CASE NO   12-32249-H3-13

CHAPTER   13

# EXHIBIT TO SCHEDULE J

## Itemized Personal Expenses

| Expense | Amount |
|---|---|
| Barber Shop/Beauty Shop | $25.00 |
| Cell Phone (personal use only) | $200.00 |
| Telephone/Cable/Internet | $160.00 |
| Total > | $385.00 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE:  
**Christopher Stephen Roys**  
**Sharon Lee Roys**

CASE NO:   **12-32249-H3-13**

## Uniform Plan
## and
## Motion for Valuation of Collateral

CHAPTER 13 PLAN  
Date of Plan:   **12/12/2014**  
(Date Must be Date that This Plan is Signed by Debtors)

The Debtor(s) propose the following plan pursuant to § 1321*.

In conjunction with the plan, the Debtor(s) move for the valuation of secured claims in the amount set forth in paragraph 8.
**The Debtor(s) propose to pay the holder of the Secured Claim only the amounts set forth in the Debtor(s)' Plan. The Court will conduct a scheduling conference on this contested matter on the date set for the hearing on confirmation of the Debtor(s)' plan. You must file a response in writing not less than 5 days (including weekends and holidays) before the hearing on confirmation of the plan or the valuation set forth in the plan may be adopted by the Court. If no response is filed, the Debtor(s)' sworn declaration at the conclusion of this plan may be submitted as summary evidence at the hearing pursuant to Rule 7056 and 28 U.S.C. § 1746. If no timely answer is filed, the Court may conduct a final hearing on the objection at the hearing on confirmation of the plan.**

**1. Payments.** The Debtor(s) submit all or such portion of their future earnings and other future income to the supervision and control of the chapter 13 Trustee ("Trustee") as is necessary for the execution of the plan. The amount, frequency, and duration of the payments, are as follows:

| Beginning Month** | Ending Month | Amount of Monthly Payment | Total |
|---|---|---|---|
| 1 (Apr 2012) | 31 (Oct 2014) | $0.00 | $0.00 |
| 32 (Nov 2014) | 32 (Nov 2014) | $30,210.50 | $30,210.50 |
| 33 (Dec 2014) | 60 (Mar 2017) | $575.00 | $16,100.00 |
| | | Grand Total: | $46,310.50 |

The first monthly payment is due not later than 30 days after the date this case was filed. If the payments to be made by the chapter 13 trustee pursuant to paragraph 4 are adjusted in accordance with the Home Mortgage Payment Procedures adopted pursuant to Bankruptcy Local Rule 3015(b) (whether on account of a change in any escrow requirement, a change in the applicable interest rate under an adjustable rate mortgage, or otherwise), the Debtor(s)' payments required by this paragraph 1 will be automatically increased or decreased by (i) the amount of the increase or decrease in the paragraph 4 payments; and (ii) the amount of the increase or decrease in the Posted Chapter 13 Trustee Fee that is caused by the change. The Posted Chapter 13 Trustee Fee is the percentage fee posted on the Court's web site from time to time. The chapter 13 trustee is authorized to submit an amended wage withholding order or to amend any automated bank draft procedure to satisfy the automatic increase or decrease.

A notice of any adjustment in the payment amount must be filed by the chapter 13 trustee.

Except as otherwise ordered by the Court, payments to the chapter 13 trustee will be made pursuant to a wage withholding order, an EFT Order or an ACH Order. Local Rule 1007(d) determines the payment form that is required from time-to-time.

---

* All § references are to the Bankruptcy Code and Bankruptcy Rules unless otherwise cited.
** When subsequent tables refer to "Month #", Month #1 is the Beginning Month referenced above.


EXHIBIT C

Case No:     12-32249-H3-13
Debtor(s):   **Christopher Stephen Roys**
             **Sharon Lee Roys**

**2. Priority Claims.** From the payments made by the Debtor(s) to the Trustee, the Trustee shall pay in full, all claims entitled to priority under § 507. Payments shall be made in the order of priority set forth in § 507(a) and § 507(b). Payments of equal priority shall be made pro rata to holders of such claims. Priority claims arising under § 503(b)(2) shall be paid only after entry of an order by the Bankruptcy Court approving payment of the claim. If this case is dismissed, no priority claim arising under § 503(b)(2) shall be allowed unless an application for allowance is filed on or before 21 days after entry of the order of dismissal.

| Name of Holder of Priority Claim | Amount of Priority Claim | Interest Rate Under Plan | Amount of Estimated Periodic Payment | First Payment of this Amount in Month # | Last Payment of this Amount in Month # |
|---|---|---|---|---|---|
| **The Law Office of William W. Bivin** | $2,900.00 | 0.00% | $2,900.00 | 19 | 19 |
| **William W. Bivin** | $725.00 | 0.00% | $362.50 | 33 | 34 |

A priority claim of $100.00 is allowed to Debtor(s)' counsel if

(i) a proposed wage order was filed on the petition date for Debtor(s) earning a wage or salary; or,

(ii) if the Debtor(s) are retired, self-employed, or unemployed or if the proposed wage order is insufficient to provide the full monthly plan payment, a proposed Electronic Funds Transfer Certification or ACH Certification was filed on the petition date. No application or further order is required. The $100.00 allowance is in addition to any amounts otherwise awarded by the Court.

**3. Secured Claims for which Collateral is to be Surrendered upon Confirmation.** The Debtor(s) surrender the following collateral:

| Name of Creditor | Description of Collateral |
|---|---|
| **Best Buy** | **2 Laptops** |
| **Bluegreen Corp** | **Laurel Crest Timeshare** |
| **Bluegreen Resorts Mgmt, Inc.** | **Maintenance Fee** |
| **Citimortgage** | **2335 N. Garden Court, Jenison, MI 49428** |
| **Georgetown Township Tax Office** | **2335 N. Garden Court, Jenison, MI 49428** |
| **Wells Fargo Home Mortgage** | **2335 N. Garden Court, Jenison, MI 49428** |

Upon confirmation of this Plan, the Debtor(s) immediately surrender and abandon the property and agree to immediately turn over and/or vacate the property, and the lienholder(s) may take any action allowed under applicable law with respect to this property without further order of the Court.

Case No: 12-32249-H3-13
Debtor(s): **Christopher Stephen Roys**
**Sharon Lee Roys**

**4. Secured Claim For Claim Secured Only by a Security Interest in Real Property that is the Debtor(s)' Principal Residence (Property to be Retained). For each such claim, utilize either A, B, or C, below:**

☐ **A.** The following table sets forth the treatment of certain classes of secured creditors holding a claim secured only by a security interest in real property that is the Debtor(s)' principal residence. The amount listed as the "Principal Amount of Claim for Arrearage" is the amount proposed by the Debtor(s) in this Plan. If the actual allowed claim is in a different amount, the amount paid pursuant to this Plan shall be the amount due on the actual amount of the allowed claim without the need of an amended plan. The amount listed as "Amount of Estimated Periodic Payment" will be adjusted to reflect the actual amount of the allowed claim without the need of an amended plan.

| Name of Holder of Secured Claim / Security for Claim | Principal Amount of Claim for Arrearage | Interest Rate Under Plan | Amount of Estimated Periodic Payment | First Payment of this Amount in Month # | Last Payment of this Amount in Month # |
|---|---|---|---|---|---|
| | | | | | |

Payment of the arrearage amounts shall constitute a cure of all defaults (existing as of the petition date) of the Debtor(s)' obligations to the holder of the secured claim.

The Secured Claims held by secured creditors holding a claim secured only by a security interest in real property that is the Debtor(s)' residence (other than the arrearage claims set forth in the above table) will be paid in accordance with the pre-petition contract held by the holder of the secured claim. The first such payment is due on the first payment due date under the promissory note (after the date this bankruptcy case was filed). During the term of the plan, these payments will be made through the chapter 13 trustee in accordance with the Home Mortgage Payment Procedures adopted pursuant to Bankruptcy Local Rule 3015(b). Each holder of a claim that is paid pursuant to this paragraph must elect to either (i) apply the payments received by it to the next payment due without penalty under the terms of the holder's pre-petition note; or (ii) waive all late charges that accrue after the order for relief in this case. Any holder that fails to file an affirmative election within 30 days of entry of the order confirming this plan has waived all late charges that accrue after the order for relief in this case. Notwithstanding the foregoing, the holder may impose a late charge that accrues following an event of default of a payment due under paragraph 1 of this Plan.

The automatic stay is modified to allow holders of secured claims to send only monthly statements (but not demand letters) to the Debtor(s).

The Debtor(s) must provide the information required by the chapter 13 trustee pursuant to the Home Mortgage Payment Procedures, prior to 7 days after the date this Plan is proposed.

Case No:   12-32249-H3-13
Debtor(s):   **Christopher Stephen Roys**
             **Sharon Lee Roys**

☐ **B.** The holder of the claim secured only by a security interest in real property that is the Debtor(s)' principal residence has agreed to refinance the security interest and claim on the terms set forth on the document attached as Exhibit "A". The refinancing brings the loan current in all respects. The terms of the loan that is being refinanced and the new loan are described below:

|  | **Old Loan** | **New Loan** |
|---|---|---|
| **Current amount owed on old loan and total amount borrowed on new loan** | | |
| **Interest rate is fixed or variable?** | | |
| **Interest rate (in %)** | | |
| **Monthly principal and interest payment** | | |
| **Closing costs paid by debtors** | | |
| **Monthly required escrow deposit** | | |

Payments made to the above referenced holder will be paid (check one, ONLY if Debtor(s) have checked option B, above):

☐   **Through the chapter 13 trustee.**

☐   **Directly to the holder of the claim, by the Debtor(s).** If there has been a default in payments following the refinancing, future payments will be through the chapter 13 trustee. If payments are to be made directly to the holder of the claim by the Debtor(s), then the holder of the claim may not impose any attorneys fees, inspection costs, appraisal costs or any other charges (other than principal, interest and escrow) if such charges arose (in whole or in part) during the period (i) when the case is open; (ii) after the closing of the refinanced loan; and (iii) prior to a modification of this plan (i.e., following a default by the Debtor(s) in payments to the holder of the claim) pursuant to which the Debtor(s) commence payments through the chapter 13 trustee to the holder of the claim secured solely by a security interest in the Debtor(s)' principal residence.

Case No: 12-32249-H3-13
Debtor(s): **Christopher Stephen Roys**
**Sharon Lee Roys**

☐ **C.** The following table sets forth the treatment of certain classes of secured creditors holding a claim secured only by a security interest in real property that is the Debtor(s)' principal residence. The Debtor(s) allege that the total amount of debt secured by liens that are senior in priority to the lien held by _____ exceeds the total value of the principal residence. Accordingly, the claim will receive (i) no distributions as a secured claim; and (ii) distributions as an unsecured claim only in accordance with applicable law.

Upon the Debtor(s)' completion of all payments set forth in this plan, the holder of the lien is required to execute and record a full and unequivocal release of its liens, encumbrances and security interests secured by the principal residence and to provide a copy of the release to the Debtor(s) and their counsel. Notwithstanding the foregoing, the holder of a lien that secures post-petition homeowners' association fees and assessments will be allowed to retain its lien, but only to secure (i) post-petition assessments; and (ii) other post-petition amounts, such as legal fees, if such other post-petition amounts are (x) incurred with respect to post-petition fees and assessments; and (y) approved by the Court, if incurred during the pendency of the bankruptcy case.

| Name of Holder of Lien to which this provision applies | |
|---|---|
| Address of Principal Residence | |
| Debtor(s)' Stated Value of Principal Residence | |
| Description of all Liens Senior in Priority (List Holder and Priority) | Estimated Amount Owed on This Lien |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| Total Owed--All Senior Liens | |

This paragraph 4C will only be effective if the debtor(s) do each of the following:

- Mail a "Lien Stripping Notice", in the form set forth on the Court's website, to the holder of the lien that is governed by this paragraph 4C. The Lien Stripping Notice must be mailed in a separate envelope from any other document.

- File a certificate of service reflecting that the Lien Stripping Notice was mailed by both certified mail, return receipt requested and by regular US mail to the holder of the lien at all of the following addresses, with the mailings occurring not later than 30 days prior to the hearing on this plan:

    ○ The address for notices shown on any proof of claim filed by the holder.

    ○ Any attorney representing the holder who has filed a request for notice in this bankruptcy case.

    ○ If no address for notices is given on a proof of claim filed by the holder, on the last known address of the holder.

    ○ If the holder did not file a proof of claim, service must be in accordance with Fed. R. Bankr. P. 7004.

Case No: 12-32249-H3-13
Debtor(s): Christopher Stephen Roys
Sharon Lee Roys

**5. Debt Incurred within 910 Days Preceding Petition Date and Secured by a Lien on a Motor Vehicle or Debt Incurred within 1 Year Preceding Petition Date and Secured by Other Collateral for Which FULL PAYMENT, with Interest, is Provided.**
The following table sets forth each class of secured creditors holding a claim for a debt incurred within 910 days preceding the petition date and secured by a lien on a motor vehicle or for a debt incurred within 1 year preceding the petition date and secured by other collateral for which full payment is proposed. The amount listed as "Principal Amount of Claim" is an estimate of the actual allowed claim.

If the Court allows a claim in a different amount than is shown below under "Principal Amount of Claim", the Plan shall be deemed amended to pay the principal amount as allowed without the requirement of the filing of an amended plan. The amount listed as "Estimated Periodic Payment" will be adjusted to reflect the actual amount of the allowed claim.

Payment of the amounts required in this section constitutes a cure of all defaults (existing as of the date this plan is confirmed) of the Debtor(s)' obligations to the holder of the secured claim. If the monthly payment in the proposed plan is less than the amount of the adequate protection payment ordered in this case, the actual payment will be the amount of the monthly adequate protection payment.

The automatic stay is modified to allow holders of secured claims to send only monthly statements (but not demand letters) to the Debtor(s).

Each secured claimant is hereby designated to be in a class by itself. Subject to disposition of a timely filed motion to avoid a lien under § 522, or a complaint to determine the extent or validity of a lien filed under Fed. R. Bankr. P. 7001, each secured creditor shall retain the lien securing its claim. The lien shall be enforceable to secure payment of the claim the lien secures, as that claim may be modified by the plan. The holder of a claim secured by a valid lien may enforce its lien only pursuant to § 362.

| Name of Holder of Secured Claim / Security for Claim | Principal Amount of Claim | Interest Rate Under Plan | Amount of Estimated Periodic Payment | First Payment of this Amount in Month # | Last Payment of this Amount in Month # |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**6. Debt Incurred within 910 Days Preceding Petition Date and Secured by a Lien on a Motor Vehicle or Debt Incurred within 1 Year Preceding Petition Date and Secured by Other Collateral for Which LESS THAN Full Payment, with Interest, is Provided.**
The following table sets forth each class of secured creditors holding a claim for a debt incurred within 910 days preceding the petition date and secured by a lien on a motor vehicle or for a debt incurred within 1 year preceding the petition date and secured by other collateral for which less than full payment is proposed. The amount listed as "Principal Amount of Claim" is an estimate of the actual allowed claim. The amount that will be paid under the plan is the amount, with interest, that pays the lesser of (i) the amount listed in the holder's proof of claim; or (ii) the amount listed as "Amount of Claim to be Paid Under Plan" (the Amount of Claim to be Paid Under Plan will NOT be adjusted to reflect the actual Allowed Amount of the Claim).

The automatic stay is modified to allow holders of secured claims to send only monthly statements (but not demand letters) to the Debtor(s).

Each secured claimant is hereby designated to be in a class by itself. Subject to disposition of a timely filed motion to avoid a lien under § 522, or a complaint to determine the extent or validity of a lien filed under Fed. R. Bankr. P. 7001, each secured creditor shall retain the lien securing its claim. The lien shall be enforceable to secure payment of the claim the lien secures, as that claim may be modified by the plan. The holder of a claim secured by a valid lien may enforce its lien only pursuant to § 362.

| Name of Holder of Secured Claim / Security for Claim | Principal Amount of Claim | Amount of Claim to be Paid under Plan | Interest Rate Under Plan | Amount of Estimated Periodic Payment | First Pmt. of this Amt. in Month # | Last Pmt. of this Amt. in Month # |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

Case No:   12-32249-H3-13
Debtor(s):   **Christopher Stephen Roys**
  **Sharon Lee Roys**

**7. Secured Debts Paid in Accordance with Pre-Petition Contract (Use Only for Contracts on Which There is No Default).**
The Debtor(s) represent that there are no payment defaults on the contracts listed in this paragraph. The secured claims held by the following secured creditors will be paid in accordance with the pre-petition contracts between the Debtor(s) and the holder of the secured claim:

| Name of Holder /<br>Collateral for Claim | Total Claim | Collateral Value | Contract Interest Rate |
|---|---|---|---|
| **Lake Michigan Credit Union**<br>**2007 Jeep Liberty** | $10,094.08 | $15,425.00 | 6.50% |
| **Wells Fargo Home Morgage**<br>**5439 Glade Estates Drive, Kingwood, TX  77339** | $148,213.33 | $124,000.00 | 4.50% |

**8. All Other Secured Claims (Property to be Retained).** Each secured claimant is hereby designated to be in a class by itself. Subject to disposition of a timely filed motion to avoid a lien under § 522, or a complaint to determine the extent or validity of a lien filed under Fed. R. Bankr. P. 7001, each secured creditor shall retain the lien securing its claim. The lien shall be enforceable to secure payment of the claim the lien secures, as that claim may be modified by the plan. The holder of a claim secured by a valid lien may enforce its lien only pursuant to § 362.

The following table sets forth the treatment of each class of secured creditors whose claims are modified by the Plan. The amount of secured claim to be paid under this plan is the lesser of the amount listed below as the "Collateral Value" and the allowed amount of the holder's claim. If the Court allows a different amount than is shown below, the Plan shall be deemed amended without the requirement of the filing of an amended plan. The amount listed as "Estimated Amount Periodic Payment" will be adjusted to reflect the actual amount of the allowed claim.

| Name of Holder of Secured Claim /<br>Security for Claim | Principal Amount of Claim (without regard to Value of Collateral) | Collateral Value | Int. Rate per Plan | Est. Amount Periodic Pmt. | First Pmt. of this Amt. in Month # | Last Pmt. of this Amt. in Month # |
|---|---|---|---|---|---|---|
| | | | | | | |

Payment of the amounts required in this section constitutes a cure of all defaults (existing as of the date this plan is confirmed) of the Debtor(s)' obligations to the holder of the secured claim. If the monthly payment in the proposed plan is less than the amount of the adequate protection payment ordered in this case, the actual payment will be the amount of the monthly adequate protection payment.

The automatic stay is modified to allow holders of secured claims to send only monthly statements (but not demand letters) to the Debtor(s).

**9. Specially Classified Unsecured Claims.** The following unsecured claims will be treated as described below:

| Name of Unsecured Creditor | Treatment |
|---|---|
| | |

**10. Unsecured Claims.** Unsecured creditors not entitled to priority and not specially classified in Paragraph 9 above shall comprise a single class of creditors. Allowed claims under this paragraph shall be paid a pro rata share of the amount remaining after payment of all secured, priority, and specially classified unsecured claims. The Debtor(s) estimate that these unsecured creditors will receive a _____**100%**_____ dividend.

**11. Executory Contracts.** Except as set forth elsewhere in this Plan or in the following sentence, all executory contracts are rejected. The following contracts are assumed:
**Sprint**

Case No: 12-32249-H3-13
Debtor(s): **Christopher Stephen Roys**
**Sharon Lee Roys**

**12. Asset Sales.** The Debtor(s) are authorized--without the need for further Court order--to sell their exempt property in accordance with the following sentence. Any such sale shall provide for the full payment, at closing, of all liens on the property that is sold. If the Debtor(s) request and the Court so determines, an order confirming this authority may be granted by the Court, ex parte.

**13. Surrender of Collateral during the Plan Period.** The Debtor(s) may surrender collateral to a secured creditor after confirmation of the Plan by filing a motion pursuant to Fed. R. Bankr. P. 4001 for an agreed order providing for surrender of collateral and termination of the automatic stay. The motion will be submitted on 14 days notice. Upon the entry of an order approving the surrender, the Debtor(s) will immediately turn over and/or vacate the property. and the lienholder(s) may take any action allowed under applicable law with respect to this property without further order of the Court.

**14. Discharge and Vesting of Property.** The Debtor(s) will be granted a discharge in accordance with § 1328. Property of the estate shall vest in the debtors upon entry of the discharge order.

**15. Plan Not Altered from Official Form.** By filing this plan, Debtor(s) and their counsel represent that the plan is in the official form authorized by the Court. There are no addenda or other changes made to the official form.

**16. Additional Provisions.** [If an additional provision is requested, the Debtor(s) must simultaneously file a motion seeking approval for the inclusion of the additional provision].
None.

**Debtor's Declaration Pursuant to 28 U.S.C. § 1746**

I declare under penalty of perjury that the foregoing statements of value contained in this document are true and correct.

Dated: **12/12/2014**

**/s/ Christopher Stephen Roys**
**Christopher Stephen Roys**

**/s/ Sharon Lee Roys**
**Sharon Lee Roys**

**/s/ William W. Bivin**
**William W. Bivin**
**Law Office of William W. Bivin**
**1422 Stonehollow Dr., Suite A**
**Kingwood, Texas 77339-2495**
**Attorney for Debtor(s)**

Case No: 12-32249-H3-13
Debtor(s): Christopher Stephen Roys
Sharon Lee Roys

## Plan Summary and Statistical Cover Sheet to Proposed Plan

Date: 12/12/2014
(Date Should be Date that this Proposed Plan is Signed by Debtor)

### Disposable Income and Plan Payments

| Projected Schedule "I" Income (as shown on most recently filed Schedule I) | Projected Schedule "J" Expenses (as shown on most recently filed Schedule J) | Projected Disposable Income | Beginning Month #* | Ending Month # | Payment Amount | Total Payment |
|---|---|---|---|---|---|---|
| $5,853.32 | $4,636.88 | $1,216.44 | 1 (Apr 12) | 31 (Oct 14) | $0.00 | $0.00 |
| | | | 32 (Nov 14) | 32 (Nov 14) | $30,210.50 | $30,210.50 |
| | | | 33 (Dec 14) | 60 (Mar 17) | $575.00 | $16,100.00 |
| | | | | Grand Total | | $46,310.50 |
| | | | | Less Posted Chapter 13 Trustee Fee** | | $2,755.41 |
| | | | | Net Available | | $43,555.09 |

### Projected Trustee Disbursements to Priority and Secured Creditors

| Name of Holder / Description of Collateral (or "None" if appropriate) | Type of Claim (List Priority Claims, Followed by Claims Secured by Principal Residence, Followed by Other Secured Claims) | Int. Rate | Beg. Month # | End Month # | Payment Amount | Total Payment |
|---|---|---|---|---|---|---|
| The Law Office of William W. Bivin<br>None | Priority | 0.00% | 19 | 19 | $2,900.00 | $2,900.00 |
| William W. Bivin<br>None | Priority | 0.00% | 33 | 34 | $362.50 | $725.00 |
| | | | | Grand Total | | $3,625.00 |

### SUMMARY OF PAYMENTS

| | |
|---|---|
| Net Available to Creditors | $43,555.09 |
| Less Estimated Attorneys' fees | $3,625.00 |
| Less Total to Priority Creditors | $0.00 |
| Less Total to Secured Creditors | $0.00 |
| Net Available for Unsecured Creditors | $39,930.09 |
| Estimated General Unsecured Claims | $39,542.93 |
| Forecast % Dividend on General Unsecured Claims | 100% |

### BEST INTEREST TEST

| | |
|---|---|
| Value of total non-exempt property | $0.00 |
| Total distributions to all priority and general unsecured creditors | $43,555.09 |

---

* If filed in connection with a modification, the first month listed must be the first month in which the debtor was required to make a payment after filing the bankruptcy petition. All previous payments and proposed payments must be included.

** The Posted Chapter 13 Trustee Fee is based on the percentage listed on the Court's website.